IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE KIM CLEMENTS            CIVIL ACTION: 1:18mc240-LG-RHW

### REPORT AND RECOMMENDATION

Before the Court are [1] the Petition of Kim Clements to perpetuate testimony by deposing Crystal Jackson under Fed.R.Civ.P. 27(a), and [4] Ms. Clements' application for leave to proceed *in forma pauperis* (IFP) with the Petition. Leave to proceed *in forma pauperis* is a privilege, not a right. *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968). Whether to grant or deny leave to proceed IFP is left to the sound discretion of the District Court. *Willard v. U.S.*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969), *aff'd*, 422 F.2d 810 (5th Cir. 1970). The determination of the IFP motion is based upon only the petitioner's economic status. *Cay v. Estelle*, 789 F.2d 318, 322 (5th Cir. 1986), (citing 28 U.S.C. § 1915(a) and *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976), overruled in part by *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993).

Ms. Clements states in her IFP declaration/motion that her father-in-law depends on her for support; that she is presently unemployed and receives monthly SSI benefits of $1170, and has $100 in a bank account. She denies owning any property, stocks, or bonds, but states she owns and pays taxes for five (5) automobiles. Ms. Clements states since November 17, 2017, she has made monthly payments to Crystal Jackson totaling $21,080 (which amounts to $2635 per month over that eight month period), and she has other bills totaling $2400 over the past 12 months. Based upon the information provided as to Ms. Clements' economic status, with stated expenses exceeding stated income, the undersigned recommends that the IFP application be

granted. However, for the reasons which follow, the undersigned will further recommend that the petition to perpetuate testimony be denied.

Rule 27(a), Fed.R.Civ.P., provides no authority for the relief Ms. Clements seeks. The cited Rule governs depositions to perpetuate testimony *before an action is filed*. Ms. Clements' petition and accompanying exhibits clearly show she filed suit against Crystal Jackson in North Carolina on January 29, 2018, amending her complaint on March 22, 2018. [1-2] The docket from the North Carolina lawsuit and Ms. Clements' IFP application both show Ms. Clements paid the $400 filing fee for that lawsuit. The docket contains no indication that Crystal Jackson has been served with the summons and complaint in the North Carolina action, or indeed that Ms. Clements has ever requested that Court to issue process for Crystal Jackson at the Pass Christian, Mississippi address where Ms. Clements' petition asserts Crystal Jackson resides. Despite Ms. Clements' attempt to couch the allegations of her Petition such that they appear to come within Rule 27(a), her Petition fails to meet the requirements of the Rule. Instead, her pleadings indicate Ms. Clements wants to use this Court, at no cost to herself, to locate the defendant in her North Carolina case in an effort to keep the North Carolina court from dismissing her lawsuit, to conduct discovery and/or to conduct settlement negotiations with Crystal Jackson. [1, p. 2] This is not the function of the Rule.

It appears to the undersigned that Ms. Clements' North Carolina lawsuit may be in jeopardy of being dismissed for failure to serve process as required by Fed.R.Civ.P. 4(m). She states in her petition that she "desires to proceed by deposition … to ensure process is served…" [1, p. 2] Rule 4(m) requires that a defendant be served with the summons and complaint within 90 days after the filing of the complaint. Almost six months have elapsed since Ms. Clements

filed her complaint in North Carolina.  Even counting from the filing of her amended complaint, more than 90 days have expired.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the motion to proceed *in forma pauperis* be granted, and that the petition to perpetuate testimony be denied or dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served with a copy of a Report and Recommendation, a party may serve and file written objections to the Report and Recommendation, specifically identifying the findings, conclusions, and recommendations to which she objects.  The District Court need not consider frivolous, conclusive, or general objections.  After service of objections, opposing parties have seven days to either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did file timely objections.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 23rd day of July, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE